HELENE N. WHITE, Circuit Judge,
concurring.
Although I agree with the majority that Barnett’s domestic violence felonies are violent felonies under the Armed Career Criminal Act (ACCA), I write separately to express my disagreement with the majority’s conclusion that “the requirement of physical harm under Ohio law necessarily requires proof that the defendant used violent force.” Maj. Op. at 537.
Ohio’s domestic violence statute requires that an individual “knowingly cause or attempt to cause physical harm,” or threaten “imminent physical harm” to a family or household member. Ohio Rev.Code § 2919.25(A), (C). “Physical harm to persons” is defined as “any injury, illness, or other physiological impairment, regardless of its gravity or duration.” Ohio Rev.Code § 2901.01(A)(3). In order to satisfy the first prong of the ACCA, the use, threatened use or attempted use of physical force must be an element of the offense. 18 U.S.C. § 924(e)(2)(B)(i). However, in Johnson v. United States, the Supreme Court stated that “it [is] clear that in the context of a statutory definition of ‘violent felony,’ the phrase ‘physical force’ means violent force — that is, force capable of causing physical pain or injury to another person.” 559 U.S. 133, 140, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010) (emphasis in original). As I explained in my concurrence in United States v. Anderson, 695 F.3d 390, 403-406 (6th Cir.2012), although serious physical injury often results from the use of physical force, it can also occur in the absence of any physical force being used. For example, a surreptitious poisoning by one spouse of another may cause an “injury” or “illness,” and therefore constitute “physical harm” under the Ohio domestic violence statute without involving any physical force by the offender.[1] See Ohio Rev.Code §§ 2901.01(A)(3); 2919.25(A), (C). Thus, Ohio’s domestic violence statute can be violated in a way that does not require violent physical force, and therefore Barnett’s domestic violence convictions are not “violent felon[ies]” under 18 U.S.C. § 924(e)(2)(B)®.
Nevertheless, I agree that Barnett’s domestic violence convictions are violent felonies under the ACCA’s residual clause because they involve “conduct that presents a serious potential risk of physical injury to another.” Id. § 924(e)(2)(B)(ii). As stated above, Ohio’s domestic violence statute requires that the offender “knowingly cause or attempt to cause physical harm,” or threaten “imminent physical harm” to a family or household member. Ohio Rev. Code § 2919.25(A), (C). Such conduct presents a “serious potential risk of physical injury to another” as it requires “physical harm” to either be caused, attempted, or threatened. Further, the domestic violence statute involves the type of purposeful, violent and aggressive conduct re *539 quired by Begay v. United States, 553 U.S. 137, 144-45, 128 S.Ct. 1581, 170 L.Ed.2d 490 (2008). Thus, Barnett’s domestic violence convictions are properly classified as “violent felon[ies]” under 18 U.S.C. § 924(e) (2) (B) (ii).
Accordingly, I concur.

. For the reasons I discussed in Anderson, I do not find persuasive the majority’s citation to cases discussing deceit or fraud on the will of a victim as equivalent to the use of violent force. Anderson, 695 F.3d at 404-05.